UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUNG NGUYEN,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION FACILITY,<br><br>      Respondent. | No.  1:26-cv-04390-DAD-CSK<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DISCHARGING ORDER TO SHOW CAUSE, AND DENYING PENDING MOTIONS<br><br>(Doc. Nos. 2, 3, 7) |

On June 8, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 8 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  In light of petitioner's allegation that he is a lawful permanent resident, on June 11, 2026 the court ordered respondent to show cause in writing why the petition should not be granted.  (Doc. No. 6.)  On June 17, 2026, respondent filed a response to the order to show cause and motion to dismiss.  (Doc. No. 7.)  To that filing respondent has attached a judgment in a criminal case prosecuted in the U.S. District Court for the Northern District of California reflecting petitioner's conviction for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and his sentence of thirty-six (36) months in the custody of the Bureau of Prisons. (Doc. No. 7-2.)  On May 8, 2026, petitioner was re-detained by immigration authorities and charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  (Doc. No. 7 at 2.)

1

Accordingly, respondent argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  (*Id.*)  Petitioner has not yet received a *Matter of Joseph* hearing before an immigration judge to determine whether his conviction renders him subject to mandatory detention.  (*Id.* at 3.)  The court incorporates its reasoning in *Buckley v. Chestnut*, No. 1:26-cv-02624-DAD-JDP (HC), 2026 WL 1030931, at *3–4 (E.D. Cal. Apr. 16, 2026), and finds that petitioner has not exhausted his administrative remedies and that the prudential exhaustion requirement should not be waived.  Petitioner does not raise a prolonged detention argument in his petition.  Accordingly, the court will grant respondent's motion to dismiss the pending petition due to petitioner's failure to first exhaust his administrative remedies.

For the reasons above,

1.    The court's June 11, 2026 order to show cause (Doc. No. 6) is hereby DISCHARGED;

2.    Respondent's motion to dismiss (Doc. No. 7) is GRANTED;

3.    The petition for writ of habeas corpus is DISMISSED without prejudice for failure to exhaust administrative remedies;

4.    Petitioner's pending motions (Doc. Nos. 2, 3) are DENIED as moot; and

5.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 26, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2